GEF:dlc
10/10/2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 11 BANKRUPTCY |
| | ) | |
| DJM HOLDINGS, LTD<br>Federal I.D. No. 34-1825394 | ) | CASE NO. 10-20758-AIH |
| | ) | |
| Debtor | ) | JUDGE ARTHUR I. HARRIS |
| | ) | |

---
**DEBTOR'S THIRD MODIFIED PLAN OF REORGANIZATION**
---

DJM HOLDINGS, LTD., Debtor-in-Possession ("DEBTOR"), hereby proposes the following Plan of Reorganization ("PLAN") and agrees to be bound thereby. The Plan is Debtor's proposal to resolve its outstanding debts. The Plan undertakes to pay some creditors in full and others in part.

ARTICLE I.   DEFINITIONS

The following terms, when used in the Plan, shall have the respective meanings set forth below:

   1.   ADMINISTRATIVE CLAIM:

   Any allowed Claim and expense accruing after the date the Chapter 11 case commenced which is entitled to priority pursuant to Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

   2.   ALLOWED CLAIM OR INTEREST:

   Any claim or interest against the Debtor, including a secured claim, an administrative claim, a priority claim, or an unsecured claim, proof of which is filed on or before the last date fixed by the Bankruptcy Court for filing proofs of claim or such other date as may have been designated by the Bankruptcy Court, or which has been or hereafter is scheduled by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a claim as

to which no objection to the allowance thereof has been or shall be interposed within the applicable period of limitation therefor, or as to which an objection has been determined by a Final Order allowing such claim.

3. BANKRUPTCY CODE:

The Bankruptcy Reform Act of 1978, 11 U.S.C. Section 101, et seq., as the same as heretofore been and hereafter may be amended to the extent that such amendment may be applied to the Debtor's Chapter 11 case.

4. BANKRUPTCY COURT:

The United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, having jurisdiction over the Debtor's Chapter 11 case.

5. CLAIMS BAR DATE:

The last date for filing a proof of claim. NO prior claims bar date was established by the Court. Accordingly, with respect to all non-scheduled pre-petition claims against the Debtor, and claims of Creditors who disagree with the amount of their scheduled claim, the Claims Bar Date is December 1, 2011.

6. THE COMMITTEE:

No Committee of General Unsecured Creditors has been created.

7. CONFIRMATION DATE:

The date the Bankruptcy Court enters an Order confirming the Plan.

8. DEBTOR:

DJM HOLDINGS, LTD., an Ohio Limited Liability Company.

9. DISCHARGE:

Generally speaking a discharge under §1141 of the Bankruptcy Code releases the Debtor from the legal obligation to pay debts occurred before the filing of its petition in bankruptcy, but does not insulate the Debtor against Creditor's remedies for default as set forth in §XII below.

10. EFFECTIVE DATE:

The latter to occur of (i) the 30th day following Confirmation Date, or (ii) the first day following the date on which the order of the Bankruptcy Court confirming the Plan shall become a Final Order.

11. EMPLOYEE BENEFIT PRIORITY CLAIM:

There are no Employee Benefit Plans to be affected by this Plan.

12. FINAL ORDER:

An Order of the Bankruptcy Court which shall not have been reversed, stayed, modified or amended and (I) the time to appeal from or seek review, certiorari, or rehearing of shall have expired, (ii) no appeal, review, certiorari or rehearing is pending, and (iii) the order has become conclusive of all matters adjudicated therefor and is in full force and effect.

13. INTERESTS:

The rights of holders of issued and outstanding shares of common stock or other equity security of the Debtor.

14. PLAN:

This Plan of Reorganization, either in its present form or as it may be altered, amended or modified from time to time.

15. PLAN FUNDS:

Funds Debtor generates which are placed in a special account to be issued solely for distribution to creditors and which shall be in an amount sufficient to satisfy the distributions required under the Plan.

16. PRE-PETITION SECURED CLAIM:

The only pre-petition secured claims against the Debtor are the claims of various banks and other mortgagees as set forth in Debtor's schedules and shown in Exhibit C to Amended Debtor's Disclosure Statement.

17. PRIORITY CLAIM:

Any allowed claim which, pursuant to Section 507 of the Bankruptcy Code, is entitled to payment in full before any payment of other claims with less priority or non-priority claims.

18. TAX CLAIM:

Any allowed claim of a governmental unit entitled to priority pursuant to Section 507(a)(7) of the Bankruptcy Code.

ARTICLE II. <u>CLASSIFICATION OF CLAIMS AND INTERESTS</u>

For the purpose of the Plan, Claims and Interests are designated as follows:

2.1 CLASS ONE:
PRE-PETITION SECURED CLAIMS

2.2 CLASS TWO:
ADMINISTRATIVE CLAIMS

2.3 CLASS THREE:
PRIORITY TAX CLAIMS

2.4 CLASS FOUR:
GENERAL UNSECURED CLAIMS, EXCEPT CLAIMS OF "INSIDERS",
AS DEFINED IN SEC. 101 OF THE BANKRUPTCY CODE:

2.5 CLASS FIVE:
CONVENIENCE CLASS OF UNSECURED CLAIMS UNDER $2000

2.6 CLASS SIX:
ALL CLAIMS AND INTERESTS OF THE OWNERS OF ALL ISSUED AND
OUTSTANDING MEMBERSHIP INTERESTS OF DJM HOLDINGS, LTD.

2.7 ANY HOLDER OF A CLAIM WHO FAILS TO FILE AN OBJECTION, IN
WRITING, TO THE CLASSIFICATION PROVIDED IN THIS PLAN
WITH THE BANKRUPTCY COURT, WITH A COPY THEREOF SERVED
UPON THE DEBTOR'S COUNSEL, AT LEAST TEN (10) DAYS PRIOR
TO THE HEARING ON THE CONFIRMATION OF THE PLAN SHALL BE
DEEMED TO HAVE ACCEPTED SUCH CLASSIFICATION AND SHALL BE
BOUND THEREBY.

ARTICLE III. <u>TREATMENT OF CLAIMS AND INTERESTS</u>

The Plan provides for the division of claims and interests into six classes which shall be treated as follows:

CLASS ONE:

PRE-PETITION SECURED CREDITORS: The Class One Claims are impaired and votes will have been solicited from these holders. These claims consist of the claims of American Home Mortgage, America's Servicing Company, Aurora Loan, Chase, CitiMortgage, Fifth Third Bank, FirstMerit Bank, Home Savings, Home Comings, IndyMac, SunTrust Mortgage and Wells Fargo which have mortgages on properties which are the assets of the Debtor. Debtor intends to "cram down" these Creditors.

Class One A consists of the claims of First Merit Bank, secured by Debtor's real estate. Debtor signed notes with First Merit Bank and therefore First Merit Bank has recourse against the Debtor pursuant to 11 U.S.C. §1111. Debtor proposes to pay the claims of First Merit Bank as follows: To re-amortize those claims to be paid as if amortized over thirty (30) years at an interest rate of six percent (6%) per annum, but FirstMerit shall have the right to require payment in full of such claims on December 1, 2031. The amount of the claim to be paid shall be the consolidated amount of $92,972.27 as set forth in the proof of claim filed by FirstMerit. Class One A claims total approximately $120,000.00.

Class One B consists of all other banks and lending institutions which have secured claims against Debtor's real estate. To-wit: American Home Mortgage or its successor, America's Home Servicing Co., or its successor Aurora Loan or its successor, Chase Bank, or it successor CitiMortgage, or its successor, Bank of America, Home Savings or its successor, Home Comings or its successor, Indy Mac or its successor, SunTrust, and Wells Fargo. Debtor proposes to pay those claims as follows: To re-amortize those claims as if amortized over thirty (30) years at an interest rate of six percent (6%) per annum, but said Creditors shall have the right to require payment in full of such claims on December 1, 2031. The amount of the claim to be paid shall be the amount listed for each property for which Class 1B creditors are mortgagees on Debtor's Amended Schedule A. For example the secured claim of American Home Mortgage with respect to 14612 Reddington, Maple Heights, OH, will be amortized over thirty (30) years at the rate of $341.74 per month plus taxes and insurance if applicable. The exhibit attached as Exhibit C shows payments for each property going forward.

Debtor acknowledges that Class 1A and 1B creditors will be treated as recourse creditors, although they have no notes signed by Debtor pursuant to §1111 of the Bankruptcy Code. These new recourse obligations will be subject to the terms and conditions set forth on the exhibit marked "Terms of New Recourse Obligation" attached hereto. Class One B claims total approximately $3,000,000.00. Debtor acknowledges that some Class 1B creditors have agreed to treatment at an interest rate of less than six percent (6%) per annum. Upon written notice to Debtor's counsel, any creditor who shall have agreed to treatment at a rate of less than six percent (6%) may elect treatment at a rate of six percent (6%).

CLASS TWO:

ADMINISTRATIVE CLAIMS: Class Two Claims are not impaired. The Allowed

5

Class Two Claims shall be paid in the ordinary course of the Debtor's business, when due, except with respect to claims for professional fees which shall be paid pursuant to an Order of the Bankruptcy Court. In any event, holders of Class Two claims shall be paid on or before the effective date, in full, in cash, exclusive of interest, or upon such terms as may be agreed upon between the Debtor and the respective claimant. It is anticipated that the Administrative Claims will be attorney fees and fees owed to the United States Trustee, if any, being either pre or post confirmation fees and that these claims shall be paid out of Debtor's receipts. Debtor anticipates Administrative Claims not to exceed $30,000.00.

CLASS THREE:

PRIORITY TAX CLAIMS: Class Three is not impaired and no votes will be solicited from these Creditors. Pursuant to Section 1129(a)(9)(C) of the Bankruptcy Code, each holder of a Class Three claim shall be paid an amount equal to the Allowed Amount of its claim in equal payments over a period not to exceed seventy two (72) consecutive monthly installments, consisting of principal, at 3% interest, over the repayment period. Debtor proposes to pay the priority tax claims over a forty month period as is set forth in Debtor's projections. Debtor states that interest on such claims can be paid within the forty month plan period because Debtor believes that the claims will total less than $100,000.00.

Each holder of a Class Three Claim shall retain its lien, if any, until its Allowed Claim is paid in full in accordance with the Plan and then such lien, whether created by agreement, by operation of law or otherwise, shall be immediately released and without any further action by the Debtor or by the holder of the Class Three Claim, upon payment in full of the allowed amount of the Class Three Claim in accordance with the Plan.

CLASS FOUR:

GENERAL UNSECURED CLAIMS: Class Four Claims are impaired under the Plan. Each holder of an allowed Class Four Claim shall be paid an amount equal to ten percent (10%) of its allowed claim, without interest as set forth in the Debtor's projections. Debtor anticipates Class Four claims not to exceed $400,000.00 and therefore, Debtor has established a reserve in it's' projections to deal with claims filed by unknown Creditors or Creditors who disagree with their scheduled amounts.

CLASS FIVE:

CONVENIENCE CLASS CLAIMS. The Class Five General Unsecured Claims (convenience class claims of under $1,000 each) are impaired. Each holder of a Class Five Claim shall be paid two percent (2%) of its allowed claim as soon as reasonably practicable. Debtor anticipates Class Five Claims of approximately $3,000.00.

CLASS SIX:

CLAIMS OF SHAREHOLDERS. No Class Six Claims are scheduled or anticipated and no Class Six Claims shall be paid.

Prepayment, without penalty, may be made by the Debtor at any time of any claim in whole or in part. Partial prepayments shall apply against installments due in the order of maturity.

ARTICLE IV.   EXECUTORY CONTRACTS

4.1   All executory contracts of the Debtor not expressly rejected and disaffirmed pursuant to an Order of the Bankruptcy Court, or for which no motion to reject such contract is pending, shall be deemed assumed by the Debtor.

4.2   To the extent that an application to reject any executory contract has been withdrawn following the entry of the Order Confirming the Plan, then such executory contract shall be deemed assumed by the Debtor.

4.3   Claims, if any, arising from the rejection of executory contracts must be filed on or prior to such dates as may be or have been fixed by the Bankruptcy Court. Any Allowed Claim arising as a result of the rejection of an executory contract shall be treated as a Class Four Claim.

ARTICLE V:   EXECUTION AND IMPLEMENTATION OF THE PLAN

5.1   The Debtor proposes that the Order confirming the Plan set forth that DJM HOLDINGS, LTD. be appointed to act as the Debtor's disbursing agent. As the disbursing agent, DJM HOLDINGS, LTD. shall open the Distribution Account as stated in Section 5.1 of the Plan. Monies deposited into this special account shall be used only for distributions required under the Plan. After all claims have been paid pursuant to the Plan, any remaining Plan Funds shall automatically become property of the Debtor and shall be paid to the Debtor.

5.2   Pursuant to Section 1111(a) of the Bankruptcy Code, a proof of claim or interest is deemed filed under Section 501 of the Bankruptcy Code if it has been scheduled by the Debtor except a claim or interest that is scheduled as disputed, contingent or unliquidated. The Debtor reserves the right to object to any claim or to seek reconsideration of the allowance of any claim whether such claim has been filed or is deemed filed pursuant to Section 1111(a) of the Code. The filing of any such objections will require the claim holder to submit proof satisfactory to the Bankruptcy Court as to the amount of its claim. The Debtor, through its counsel, shall have sixty (60) days from the Confirmation Date to initiate the objections of the merits of any claim. Any claim which has been filed or scheduled as undisputed, non-contingent and unliquidated, which if not objected to within such sixty (60) day period, or as may be extended by an Order of the Bankruptcy Court, shall be deemed allowed as filed, or if not filed, as scheduled.

5.3   Confirmation of the Plan shall discharge the Debtor from any and all claims,

obligations, liabilities, objections and demands of whatever character, accruing prior to the Confirmation Date, whether provable, liquidated, unliquidated, fixed or contingent.

5.4 Debtor anticipates having funds available at confirmation to pay U. S. Trustee's fees and its other administrative claims.

ARTICLE VI. <u>RETENTION OF JURISDICTION</u>

6.1 Until the case is closed, the Bankruptcy Court shall retain jurisdiction of these proceedings under the provisions of the Bankruptcy Code, including, without limitation, Section 1142(b) thereof and of the Bankruptcy Rules to ensure that the intent and purpose of the Plan is carried out and given effect. Without limitation by reason of specification, the Bankruptcy Court shall retain jurisdiction for the following purposes:

(a) To determine any and all controversies concerning the allowance, disallowance or classification of any claim or interest;

(b) To determine any and all applications for allowance of compensation and/or reimbursement of expenses;

(c) To determine any and all controversies, disputes or acts under or in connection with the Plan and such other matters as may be provided for in the Confirmation Order;

(d) To effectuate payments under, or the performance of, provisions of the Plan;

(e) To determine any and all pending motions, applications, adversary proceedings and liquidated matters;

(f) To hear and determine such adversary proceedings as may be instituted by the Debtor for the enforcement of claims and for the avoidance of transfers under Section 550 of the Bankruptcy Code; and

(g) To make such orders, or give such instructions as may be appropriate under Section 1142 of the Code or in the aid of the consummation of the Plan, including granting extensions of deadlines set herein, applications for which are filed prior thereto.

(h) To enjoin if necessary any municipality which shall interfere with the execution of the Plan.

ARTICLE VII. <u>MODIFICATION OF THE PLAN</u>

7.1 The Debtor may propose amendments or modifications of this Plan at any time prior to subsequent to the Confirmation Date hereof, in the manner set forth in Section 1127 of the Bankruptcy Code; provided, however, that notice thereof be given to all members of any Class or

Classes affected thereby. The Debtor may, at any time, with approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the rights of creditors or holders of interests, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and effects of this Plan.

ARTICLE VIII:

    8.1 Debtor acknowledges that Deborah Maniaci shall not be paid separately for her work done for the Debtor. Prior to confirmation, Debtor shall submit to the Court a letter from its accountant regarding the propriety of such an arrangement.

DJM HOLDINGS, LTD.
By /s/ Martin Maniaci
Dated: 10/10/2011
